UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EUGENE REYNOLDS,

        Petitioner,

v.

                                CASE NO. 2:09-CV-11513
                                HONORABLE PAUL D. BORMAN

BARRY DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Ronald Eugene Reynolds ("Petitioner") has filed a petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(C), in the Oakland County Circuit Court and was sentenced to concurrent terms of four to 20 years imprisonment and four to 15 years imprisonment in 2007. In his pleadings, Petitioner raises claims concerning the voluntariness of his plea, his innocence, and the effectiveness of defense counsel, as well as his sentence. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from an incident in which he entered a home without permission and fondled the breasts of a 14-year-old girl who was home alone in White Lake

Township, Michigan on April 9, 2007. A police report described the incident as follows:

> [T]he police report indicates that on April 9, 2007 at approximately 3:45 p.m., the complainant was at home alone when she heard a knock at the front door; stated she looked outside the door and found the defendant to be standing on the front porch.
>
> The complainant went to the door and began talking to him for approximately ten minutes. The complainant indicated she didn't trust him and was holding onto the door handle. The defendant pulled the handle and finally pulled it out of her hand and entered the premises without permission. The victim also told the defendant she had to clean the house and that he need to leave. He . . . began trying to hug her. The victim also attempted to pull away from him, but he cornered her. The victim indicated the defendant began hugging her and rubbing her back. She further indicated that he slid his hand around the front of her and touched her breasts.

Plea Hrg., p. 8.

On May 8, 2007, Petitioner pleaded no contest to first-degree home invasion and second-degree criminal sexual conduct in exchange for the dismissal of an alternate charge. There was no sentencing agreement.

On May 22, 2007, the trial court sentenced Petitioner to concurrent terms of four to 20 years imprisonment on the home invasion conviction and four to 15 years imprisonment on the criminal sexual conduct conviction with credit for time served. In imposing sentencing, the court stated:

> This defendant is 55 years old. He has two prior felonies, no misdemeanors, no juvenile history, tenth grade education and employment.
>
> In this case, the defendant forced his way into a neighbor's residence and touched the breasts of a 14-year-old girl who was home alone. Defendant has a prior conviction for CSC in 1987.
>
> . . . there's some other allegations about another CSC involving a 12-year-old girl. Defendant is a sexual deviant whose actions are escalating. The seriousness of the offense involving a 14-year-old girl [is] troublesome to this Court.

Sent. Hrg., p. 6. The court agreed to strike a reference to the uncharged 2004 incident from the pre-sentence investigation report. *Id.* at 5. Petitioner expressed remorse, asked "forgiveness of the

mistrust of my friendship, and apologized for any suffering that he caused. *Id.* at 5.

Petitioner subsequently moved to withdraw his plea raising the same claims presented on habeas review. The trial court denied the motion finding that Petitioner's claim of innocence was "wholly unsubstantiated," that his plea was understanding and voluntary, and that his sentence was proper. *People v. Reynolds*, No. 07-214135-FH (Oakland Co. Cir. Ct. Oct. 22, 2007). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Reynolds*, No. 281721 (Mich. Ct. App. Dec. 14, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Reynolds*, 480 Mich. 1190, 747 N.W.2d 301 (2008).

Petitioner, through counsel, thereafter filed the instant habeas petition raising the following claims as grounds for relief:

 I. He was entitled to withdraw his no contest plea since he was not fully appraised by counsel of the consequences of his plea and because he maintained his innocence, thereby denying him due process of law.

 II. He was improperly sentenced based on the trial court's improper consideration of allegations of criminal sexual conduct which had never been charged and which he has never admitted committing, thereby denying him due process of law.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

4

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even

5

require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the state trial court found Petitioner's claims to be without merit, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV. Analysis

### A. Involuntary Plea Claim

Petitioner first asserts that he is entitled to habeas relief because his no contest plea was involuntary. In particular, Petitioner alleges that he maintains his innocence, that he did not fully

---

[1] The Court would reach the same result under a *de novo* standard of review.

understand the sentencing consequences of his plea, and that counsel was ineffective for failing to properly advise him about his case and coercing him into accepting the plea. Respondent contends that this claim lacks merit.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 55 years old at the time of his plea, had a tenth grade education and employment, and had prior experience with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no contest. The court discussed the terms of the plea and its consequences, including the maximum sentences for each offense. Petitioner indicated he understood the terms of the plea, that he was pleading no contest of his own free will, and that he

7

had not been coerced or threatened. He also denied that any promises, other than those contained in the plea agreement, had been made to him to induce his plea.

Petitioner asserts that his plea was involuntary because he maintained his innocence during the proceedings. However, a solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Unsupported assertions of innocence are insufficient to permit a defendant to withdraw a plea. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense."); *Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (citing authority for the proposition that "the mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal"). Petitioner has offered no evidence, other than his own assertions, to establish his innocence. Moreover, the victim's statements, as reflected in the police report discussed at the plea hearing, provided significant evidence of guilt. Petitioner has not shown that he is innocent or that his plea was involuntary at the time it was rendered. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner also asserts that his plea was not voluntary or knowing because defense counsel failed to properly advise him about the sentencing consequences of his plea and coerced him to accept a plea. Petitioner has not established that counsel misadvised him about his case, his plea, or sentencing. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also*

*Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. The trial court reviewed the terms of the agreement and the consequences of the plea, including the maximum possible sentences for each offense. Petitioner has not shown that his plea was unknowing.

Additionally, Petitioner's assertion that defense counsel pressured him into pleading no contest conflicts with his sworn testimony at the plea hearing in which he denied being coerced and stated that he was entering a plea of his own free will. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Given the nature of the case, the victim's statements, and Petitioner's criminal history, counsel's advice regarding the plea was reasonable. Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

### B. Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective, thereby rendering his plea involuntary. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she

9

was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied

*Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, _ F.3d _, 2011 WL 1544740, *5 (6th Cir. 2011) (citing *Premo*).

Petitioner first seems to assert that counsel was ineffective for failing to investigate his case during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate or take other actions during the pre-trial period is foreclosed by his plea and does not warrant habeas relief.

Petitioner also asserts that defense counsel was ineffective for advising him to plead guilty rather than advising him about his options and preparing a defense. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a

11

reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, the victim's statements, Petitioner's criminal history, and the apparent lack of a solid defense.

Although Petitioner believes that he could have defended against the charges, he offers no evidence, other than his own assertions, in support of such a claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Petitioner has not shown that counsel erred or acted unreasonably in advising him to plead no contest.

Furthermore, Petitioner has not established that, but for counsel's alleged deficiencies, there is a reasonable probability that he would not have pleaded no contest and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on his ineffective assistance of counsel claim. Habeas relief is not warranted.

### C. Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in sentencing him. He claims that his sentence was based upon inaccurate information because the trial court relied upon unproven conduct (a CSC allegation involving a 12-year-old girl) in imposing his sentence. Respondent contends that his claim lacks merit.

As an initial matter, the Court notes that Petitioner's sentences are within the statutory maximums. *See* MICH. COMP. LAWS §§ 750.110a(2), 750.520c(1)(C). A sentence within the statutory limit is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such showing. His sentences were within the guideline range and the statutory maximums set by state law.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the state trial court considered the

13

crime, the pre-sentence report, Petitioner's past conduct, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports and make a statement at sentencing. While the trial court mentioned the criminal sexual conduct allegation involving the 12-year-old girl during sentencing, it struck the uncharged conduct from the pre-sentence report at the request of defense counsel. Additionally, on collateral review, the trial court recalled that it had done so and confirmed that Petitioner's sentence was based upon his past conviction and his current offense. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on such a basis.[2]

Lastly, Petitioner is not entitled to habeas relief on any claim that the trial court improperly relied upon facts neither admitted by him nor proven beyond a reasonable doubt. The Supreme Court cases relevant to this issue, such as *Blakely v. Washington*, 542 U.S. 296 (2004), do not apply to Michigan's intermediate sentencing scheme. The Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute. *See Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009); *see also People v. Drohan*, 475 Mich.

---

[2]The Court further notes that under federal law, a sentencing court may consider both acquitted and uncharged conduct which is similar to the conduct underlying the offenses of conviction and is established by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997); *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior"); *United States v. White*, 551 F.3d 380, 385 (6th Cir. 2007) ("So long as the defendant receives a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range."); *United States v. Maken*, 510 F.3d 654, 658 (6th Cir. 2007) ("Relevant conduct is not limited to conduct for which the defendant has been convicted.").

14

140, 160–61, 715 N.W.2d 778 (Mich. 2006). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentences are within the statutory maximum penalties, which were not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred. Habeas relief is not warranted.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 1-30-12